FILED

03/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0390

DA 16-0390

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2017 MT 70

RYAN R. REEVES and LONI L. REEVES,
husband and wife,

        Plaintiffs and Appellants,

    v.

US BANK NATIONAL ASSOCIATION AS TRUSTEE
ON BEHALF OF THE HOLDERS OF THE ASSET BACKED
SECURITIES CORPORATION HOME EQUITY LOAN TRUST,
SERIES NC2005-HE8, ASSET BACKED PASS-THROUGH
CERTIFICATES, SHEIES NC2005-HE8, and JOHN DOES 1-3,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV 12-1034
Honorable Elizabeth A. Best, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Gary S. Deschenes, Deschenes & Associates Law Offices, Great Falls,
            Montana

        For Appellees:

            Maxon R. Davis, Benjamin C. Burns, Davis, Hatley, Haffeman & Tighe,
            P.C., Great Falls, Montana

Submitted on Briefs:  January 11, 2017

Decided:  March 28, 2017

Filed:

_____
                   Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 After securing two loans with deeds of trust on the same property, one for $136,000 and another for $34,000, Appellants Ryan R. Reeves and Loni L. Reeves (together, the Reeves) paid off the smaller loan. A title agent filed a Deed of Reconveyance containing a scrivener's error that mistakenly released the Reeves' interest in their property from the larger lien of $136,000. Although the error was corrected through subsequently recorded instruments, the Reeves argue that the lien was invalidated by the error and remained unperfected at the time they initiated their Chapter 7 bankruptcy proceedings. The Reeves argue U.S. Bank's actions violated 11 U.S.C. § 362 (2016), which enjoins actions against property of the bankruptcy estate. The Reeves appeal from the judgment of the Cascade County District Court denying their motion for summary judgment and granting judgment on the pleadings in favor of the appellee beneficiary, U.S. Bank. We affirm.

¶2 We restate the dispositive issue as whether the scrivener's error contained within the Deed of Reconveyance can invalidate or discharge the underlying lien established by the trust indenture contract.

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 On July 27, 2005, the Reeves executed a Deed of Trust (First Deed of Trust) to secure a loan of $136,000 for the purchase of residential property located on Coyote Lane in Great Falls, Montana. The First Deed of Trust named the lender, New Century Mortgage Corporation (New Century) as beneficiary, and Chicago Title as Trustee. On

2

the same day, the Reeves executed another Deed of Trust (Second Deed of Trust) on the same parcel to secure a loan for $34,000, also through New Century. Just like the first loan, New Century was the beneficiary and Chicago Title was the trustee. The First Deed of Trust and the Second Deed of Trust were assigned sequential instrument numbers when they were recorded: R0108963 and R0108964, respectively.

¶4　Multiple sales of the deeds followed. Although U.S. Bank is now the beneficiary to the $136,000 loan, New Century first assigned its interest in both loans to Deutsche Bank National Trust Company (Deutsche). Deutsche used Litton Loan Servicing (Litton) to service both loans. On October 3, 2006, Beneficial Mortgage loaned the Reeves more money and executed another Deed of Trust on the parcel, this time listing Beneficial Mortgage as the beneficiary. The Reeves used proceeds from this loan to pay off the $34,000 secured in the Second Deed of Trust. At the time, First American Title Company (First American) was the successor trustee for both the First and Second Deeds of Trust. On March 1, 2007, First American executed a document entitled Deed of Reconveyance, which was recorded on March 5, 2007, and rerecorded on May 2, 2007. In consideration of the Reeves' extinguishment of their underlying obligation of $34,000, this document purported to reconvey the Reeves' interest in the Second Deed of Trust. But in fact, it reconveyed their interest in the First Deed of Trust, which bore the underlying obligation of $136,000. Compounding confusion, the document was rerecorded on May 2, 2007, with handwriting stating the reason for the refiling was to "re-record to add substitution of trustee."

3

¶5     After discovering the scrivener's error, Litton requested on June 21, 2007, that First American issue a corrected reconveyance document to reconvey the $34,000 Second Deed of Trust and correctly identify the Deed of Trust recording information. First American filed a Substitution of Trustee and Request for Full Reconveyance on August 20, 2007, representing that the Reeves' debt obligation in the Second Deed of Trust in the amount of $34,000 had been satisfied and paid in full. The August 20, 2007 reconveyance, however, failed to rescind the March 5, 2007 reconveyance, which had been rerecorded on May 2, 2007. Accordingly, on May 9, 2008, Vicki Cumbie, an Assistant Vice President of Litton, recorded an affidavit in Cascade County. The "purpose" of Cumbie's affidavit was to "rescind" the reconveyances of March 5, 2007 and May 2, 2007, which had incorrectly identified the First Deed of Trust, and to "ratify" the Deed of Reconveyance filed on August 20, 2007, which correctly identified the Second Deed of Trust.

¶6     The Reeves filed for Chapter 7 bankruptcy relief on August 20, 2008. On December 5, 2008, U.S. Bank became the holder of the interests in the First Deed of Trust. The record reflects that the Reeves were unaware of the scrivener's error when they filed for bankruptcy and so acknowledged the debt for $136,000 in their petition to the Bankruptcy Court. By December of 2008, the Reeves had stopped paying on their mortgage. The Bankruptcy Court issued its Bankruptcy Discharge on December 29, 2008, permitting U.S. Bank to foreclose on the Reeves' home. Although Cumbie's recorded affidavit purportedly corrected the scrivener's error contained within the

4

March 5, 2007 Deed of Reconveyance, First American nonetheless filed, on March 9, 2009, a Rescission of Full Reconveyance regarding the First Deed of Trust, thus indicating the lien remained attached to the parcel pursuant to the provisions of the $136,000 loan contract. In conjunction, U.S. Bank filed a "Complaint to Rescind Deed of Reconveyance and to Reinstate Note and Deed of Trust" on April 2, 2009. After a period of discovery, the Complaint was dismissed for lack of prosecution.

¶7      The matter was resurrected on August 15, 2012, when U.S. Bank filed a Notice of Trustee's Sale indicating that the property would be sold on January 2, 2013. On December 28, 2012, the Reeves filed a complaint for injunctive relief to stop the sale. A hearing was held on January 8, 2013, and the parties concede that a preliminary injunction was issued for the pendency of the trial proceedings.[1] On December 18, 2014, U.S. Bank filed a Motion for Judgment on the Pleadings. The Reeves filed their own Motion for Summary Judgment the next day, December 19, 2014, but failed to authenticate the documents they filed as required by M. R. Civ. P. 56(e), and failed to file any affidavits to support their assertions. The court set a hearing on the parties' motions for March 3, 2015. At the time of the motions hearing, the Reeves had not paid on their mortgage for six years.

¶8      At the hearing, the Reeves contended U.S. Bank was precluded from holding the trustee's sale because U.S. Bank did not have a valid, perfected lien prior to commencement of the bankruptcy proceedings. Although the Reeves conceded that a

---

[1] The Court does not have a transcript of this hearing. Exhibits were offered and admitted, and it appears that counsel for the Reeves was directed to prepare an order, but no order was prepared.

lien properly filed and perfected prior to bankruptcy proceedings survives bankruptcy, the Reeves argued that the scrivener's error rendered the lien invalid, and thus not perfected, at the time bankruptcy proceedings were initiated. Accordingly, the Reeves maintained that the trustee's sale violated the "automatic stay" provision of the Bankruptcy Code, 11 U.S.C. § 362(a)(4)-(5), which enjoins an action to create, perfect or enforce any lien against the property of an estate when that action is commenced after the estate's case seeking a discharge in bankruptcy has begun. U.S. Bank asserted that the lien had never been invalidated and that the scrivener's error, which had only affected third parties, had been cured by Cumbie's affidavit.

¶9 While holding the matter under advisement, the Hon. Julie Macek retired and proceedings continued before Judge Macek's successor, the Hon. Elizabeth Best. Judge Best set another hearing on April 26, 2016, and requested the parties specifically address two issues: (1) whether a scrivener's error and resulting Deed of Reconveyance can invalidate an otherwise valid trust indenture; and (2) whether Cumbie's affidavit was sufficient to perfect the lien against the Reeves' property. Following consideration of these issues, the District Court denied the Reeves' motion for summary judgment and granted U.S. Bank's motion for judgment on the pleadings, reasoning that the scrivener's error did not affect the relationship between the Reeves and U.S. Bank and that the error would have only misled third parties, such as junior creditors. The Reeves appeal the District Court's order.

6

## STANDARD OF REVIEW

¶10    This Court reviews a district court's grant of summary judgment de novo. Summary judgment is appropriate only when the moving party demonstrates both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. Once the movant meets its burden, the non-moving party must present substantial evidence essential to one or more elements of the case to raise a genuine issue of material fact. Conclusory statements do not suffice to raise a genuine issue of material fact. *Styren Farms, Inc. v. Roos*, 2011 MT 299, ¶ 10, 363 Mont. 41, 265 P.3d 1230.

¶11    A movant for judgment on the pleadings must establish that the pleadings present no material issue of fact and that the movant is entitled to judgment as a matter of law. The pleadings are to be construed in the light most favorable to the non-moving party, whose allegations are taken as true. Because a motion for judgment on the pleadings is decided as a matter of law, we apply our standard of review for conclusions of law and determine whether the court's conclusions of law are correct. *Paulson v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 17, 321 Mont. 364, 91 P.3d 569.

## DISCUSSION

¶12    The relevant facts on appeal are undisputed. Our focus therefore is on whether the movant at the proceeding below was entitled to judgment as a matter of law. Central to our determination is one dispositive question—whether a scrivener's error contained within a Deed of Reconveyance can invalidate the underlying lien created by a trust indenture contract. It is undisputed on appeal that (1) the lien made pursuant to the trust

7

indenture was valid prior to the scrivener's error; and (2) a valid lien survives bankruptcy proceedings if it is properly secured against the property at the time of the bankruptcy filing. Logically then, if the scrivener's error did not invalidate the lien, the District Court's dismissal of the Reeves' summary judgment motion and order granting judgment on the pleadings in favor of U.S. Bank was not in error.

¶13 The Reeves argue that the lien against their property was not perfected at the time they filed for bankruptcy because First American did not file its Rescission of Full Reconveyance, the March 9, 2009 reconveyance document, until after the debt against them had been discharged in bankruptcy. The Reeves further argue that as a result, U.S. Bank's effort to execute a non-judicial foreclosure for non-payment of the mortgage constitutes an attempt to perfect a lien after the Reeves' bankruptcy was filed, in violation of 11 U.S.C. § 362(a)(4)-(5). Further, the Reeves fault U.S. Bank for failing to file "proceedings" in the Bankruptcy Court to establish the validity of the lien, thus permitting the Reeves no recourse in the bankruptcy proceeding to contest their debt obligation. The Reeves concede, however, that pursuant to 11 U.S.C. § 362, when there is a valid lien perfected against property prior to the bankruptcy filing, the discharge in bankruptcy forecloses only the personal liability of the debtor, but not an *in rem* action against the property. *See Dewsnup v. Timm*, 502 U.S. 410, 418, 112 S. Ct. 773, 778 (1992).

¶14 The Reeves provide no authority for their contention that a scrivener's error invalidates the underlying trust indenture and corresponding lien or in some other way

8

leaves U.S. Bank's interest unperfected, as against the Reeves. The Reeves' essential, unsupported argument is that the scrivener's error effectively discharged the lien that was established in the contract that created the First Deed of Trust. It is well-established, however, that the law does not require a mortgagee to relinquish the property to a mortgagor free of the lien unless the corresponding debt is paid in full. *See Dewsnup*, 502 U.S. at 419, 112 S. Ct. at 779. Indeed, "[a] creditor's lien stays with the real property until the foreclosure. That is what was bargained for by the mortgagor and the mortgagee." *Dewsnup*, 502 U.S. at 417, 112 S. Ct. at 778.

¶15 We are left then, when reviewing the record, to examine the contract to determine under what conditions a full reconveyance of the property was contemplated by the parties. In examining that contract, we find that it was "[u]pon payment of all sums secured by this Security Instrument [that] Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee." The amount secured by the Security Instrument was $136,000. From the language in the contract, the premise of the bargain between the Reeves and their lender was that the property would remain encumbered by the lender's lien until the full sum of the $136,000 loan was repaid.

¶16 When interpreting the language of a deed, we apply rules of contract interpretation. Construction and interpretation of a contract are decided as a matter of law. *Wicklund v. Sundheim*, 2016 MT 62, ¶ 16, 383 Mont. 1, 367 P.3d 403. "The language of a contract governs its interpretation if the language is clear and

9

unambiguous." *Wicklund*, ¶ 19 (citing § 28-3-401, MCA). To constitute consideration, a performance must be bargained for. A performance is bargained for when it is sought by the promisor in exchange for his promise. *Restatement (Second) of Contracts* § 71 (1981). The consideration induces the making of the promise and the promise induces the furnishing of the consideration. *Restatement (Second) of Contracts* § 71 cmt. b.

¶17 Additionally, an obligee is not required to accept a performance that is offered in full or partial satisfaction of the obligor's duty by a third person who does not do so on behalf of the obligor. *Restatement (Second) of Contracts* § 278 cmt. b. U.S. Bank was therefore not required under the terms of its trust indenture with the Reeves to accept First American's faulty reconveyance deed as partial performance. The agreement was between the Reeves and their lender. First American, who committed the error, was merely the trustee—a third party who was not tendering performance on behalf of the Reeves. The record undisputedly reflects that First American's filing was a mistake. But even if the filing could be considered a tender of performance, U.S. Bank was not required to accept it. Thus, we do not find that the mistaken reconveyance caused by First American's scrivener's error controverted the well-established law of *Dewsnup*: a lien stays with the property until the debt is paid in full or foreclosure proceedings are complete. On that basis, we conclude the lien on the Reeves' property, as it relates to U.S. Bank, was not invalidated, discharged, or in any way left unperfected when the Reeves commenced their bankruptcy proceedings.

¶18 The performances bargained for in the contract for the First Deed of Trust were that the Reeves would pay the full sum of $136,000 and the lender would then reconvey the title to the Reeves, free of the lien. The agreement clearly specified the payment of all sums secured by the instrument as the sole condition that would trigger the lender's promise to reconvey the property. Without payment of the full sum, the Reeves had a duty under the contract to pay the note timely, or risk foreclosure. Full performance of a duty under a contract discharges that duty. *Restatement (Second) of Contracts* § 235. Nothing less than full performance discharges a duty. *Restatement (Second) of Contracts* § 235 cmt. a. The Reeves did not tender full performance by paying the entire sum secured by the note. They made payments only up until December 2008, leaving a substantial amount of the loan unpaid, and have lived in the residence without making payments for several years.

¶19 The Reeves' only argument that was not predicated on the proposition that the scrivener's error invalidated the lien is that U.S. Bank did not raise scrivener's error as an affirmative defense or counterclaim in its Answer and is now precluded from doing so because the two-year statute of limitations has run pursuant to § 27-2-203, MCA. We disagree. The statute of limitations does not apply here. The Reeves rely on our decision in *Johnson v. District VII, Human Res. Dev. Council* to support their contention. 2009 MT 86, 349 Mont. 529, 204 P.3d 714. In *Johnson*, a scrivener's error altered the agreed-upon interest rate between the parties to a commercial loan secured by a mortgage on Johnson's home. As a result of the scrivener's error, Johnson's loan payments included

11

only a 0.13% rate of interest rather than the contract interest rate of 13%. Johnson discovered the incorrect rate when she applied for another loan. When she later sought to purchase and sell another property, she could not close the deal because her home remained encumbered and her lender, HRDC, refused to release the lien, two years after her final payment, unless Johnson paid the interest accrued under the correct, agreed-upon rate. *Johnson*, ¶¶ 5-12. Johnson filed a complaint for damages related to the lost sale, and HRDC filed a counterclaim for damages amounting to the note's full sum. HRDC argued that the interest rate Johnson had paid was due to a scrivener's error that constituted a mutual mistake, for which an eight-year statute of limitations for an action on a written document would apply. *Johnson*, ¶¶ 13-14. The District Court determined HRDC had improperly designated its claim of mutual mistake as a counterclaim. The court converted HRDC's mutual mistake counterclaim to an affirmative defense under M. R. Civ. P. 8(c). *Johnson*, ¶ 21. We determined (1) that the two-year limitations period of § 27-2-203, MCA, would have barred HRDC's counterclaim; and (2) that although the District Court correctly converted the counterclaim to an affirmative defense, converting the counterclaim to an affirmative defense that sought affirmative relief—HRDC's claim for damages—was incorrect. Johnson was thus entitled to reconveyance of her property as HRDC was precluded from collecting additional payments under the loan. *Johnson*, ¶¶ 33-35.

¶20 *Johnson* is distinguishable from the facts of this case. In these proceedings, the scrivener's error did not create a mutual mistake in the contract between the parties as in

12

*Johnson*. Neither Reeves nor U.S. Bank argue that the First Deed of Trust contains a mistake. Rather, a third-party error arose in a deed of reconveyance. U.S. Bank is not seeking therefore to reform the contract upon which the lien was premised. Instead, U.S. Bank is seeking to enforce the terms of the contract, upon which the parties agreed, as they were written. As such, the scrivener's error here is not a counterclaim or affirmative defense that would be subject to the statute of limitations and bar U.S. Bank's efforts to enforce the First Deed of Trust as it was written.

## CONCLUSION

¶21 Since we find the Reeves' statute of limitations argument to be meritless, and that the lien at issue was unaffected by the scrivener's error contained within the Deed of Reconveyance, we conclude the lien survived the Reeves' bankruptcy proceedings. U.S. Bank's right to a non-judicial foreclosure action *in rem* under the First Deed of Trust is therefore unaffected by the scrivener's error. The ruling of the District Court denying the Reeves' motion for summary judgment and granting judgment on the pleadings to U.S. Bank is affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA

13